*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRANDI MARIE HULL,

        Defendant-Appellant.

UNPUBLISHED
February 1, 2022

No. 354667
Tuscola Circuit Court
LC No. 19-015018-FH

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTHONY RAY HULL,

        Defendant-Appellant.

No. 354735
Tuscola Circuit Court
LC No. 19-015020-FH

Before: CAVANAGH, P.J., and SHAPIRO and GADOLA, JJ.

SHAPIRO, J. (*concurring*).

I concur in affirming the defendants' convictions. However, I do not agree with the majority that the evidence was sufficient to find Ms. Hull guilty of resisting and obstructing based on her actions when the officer initially came to her door. The fact that she initially told the officers she was Brandie Hull, not Schook, is of no consequence since within a second or two of that statement she told the officers that she had recently been married and that the person they sought was her, though her name had changed. I also do not find probative defendant telling the officers that she had never been stopped for a loud exhaust. Her statement was true and does not evidence an intent to resist. Finally, I do not see evidence in the videotape that she made any efforts to physically resist at that point, though her husband clearly did. Nevertheless, I concur because Ms. Hull's actions following the police's return to the house were sufficient for a jury to convict.

Having reviewed this case, I find it difficult to understand why the LEIN system or police practices cannot be modified so that an officer executing a bench warrant will be able to accurately inform the arrestee why they are being arrested. In this case, the officer told Ms. Hull—based on the information he had—that the warrant was for a failure to appear on a citation for improper exhaust noise, a citation which Ms. Hull correctly told the officer she had never received. The fact that the officer communicated inaccurate information was the instigating event in the dispute that ended in the defendants' arrests; it placed the officer in unnecessary danger and resulted in arrests and convictions for a crime that might readily have been avoided.

/s/ Douglas B. Shapiro